Filed 5/29/13  P. v. Goyette CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN LEE GOYETTE,<br><br>  Defendant and Appellant. | B243527<br><br>(Los Angeles County<br>Super. Ct. No. MA055342) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

After Kevin Lee Goyette took merchandise from a department store without paying for it on January 6, 2012, he was charged in a three-count felony complaint with second degree burglary, grand theft and driving on a suspended license (Super. Ct. L.A. case No. MA055342).[1]

Represented by appointed counsel, Goyette waived his right to a preliminary hearing and agreed to plead no contest to second degree burglary on April 6, 2012. As part of the negotiated agreement the remaining counts were to be dismissed and Goyette placed on three years of formal probation on condition he serve five days in county jail with credit for time served. At the time he entered his plea, Goyette was advised of his constitutional rights and the nature and consequences of his plea. Goyette stated he understood and waived his constitutional rights, acknowledged he understood the consequences of his plea and accepted the terms of the negotiated agreement. The trial court found a factual basis for the plea based upon the police report and expressly found Goyette's waivers and plea were voluntary, knowing and intelligent. The court ordered Goyette to return to court for sentencing on April 26, 2012.

On April 11, 2012 Goyette was arrested after police seized ammunition from his house during a protective sweep. Goyette was charged in a felony complaint in case No. MA055877 with possession of ammunition by a felon with an allegation that, at the time of the offense, Goyette had been released from custody on bail or his own recognizance in case No. MA055342.

On April 26, 2012 the trial court granted Goyette's request to represent himself on both cases (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]), relieved his appointed counsel and proceeded with the preliminary hearing in case No. MA055877 at Goyette's request. At the conclusion of the preliminary hearing Goyette was held to answer to the charge of possession of ammunition by a felon. The court set May 10, 2012 for Goyette's arraignment on the information in case No. MA055877, his sentencing in case No. MA055342 and a hearing on any filed

---

[1]     Case numbers refer to Los Angeles Superior Court cases.

2

motions Goyette wished to argue. At the May 10, 2012 hearing the trial court granted Goyette's request to relinquish his propria persona status and appointed counsel to represent him on both cases.

Pursuant to an negotiated agreement reached on June 12, 2012 Goyette pleaded no contest in case No. MA055877 to possession of ammunition by a felon and admitted he had committed the offense while released on bail or on his own recognizance. In accordance with the agreement, the trial court sentenced Goyette to an aggregate state prison term of five years, stayed execution of sentence and placed Goyette on three years of formal probation. The same day, the trial court sentenced Goyette in case No. MA055342 to a concurrent term of two years (the middle term) for second degree burglary, stayed execution of sentence and placed Goyette on three years of formal probation on condition he serve 133 days in county jail with credit for time served. The court ordered Goyette to pay a $40 court security assessment, a $30 criminal conviction assessment, a $10 crime prevention fee and a $240 restitution fine and imposed and stayed a parole revocation fine pursuant to Penal Code section 1202.45. The remaining counts were dismissed in accordance with the plea agreement.

On August 10, 2012 Goyette filed a notice of appeal from the June 12, 2012 judgment in case No. MA055342. Goyette checked the boxes indicating his appeal was from "a plea of guilty or no contest or an admission of a probation violation" and "challenges the validity of the plea or admission." The trial court granted Goyette's request for a certificate of probable cause without explanation and, from our perspective, with no basis in the record.[2]

We appointed counsel to represent Goyette on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On January 18, 2013 we advised Goyette he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

---

[2] Although Goyette stated in his request for a certificate of probable cause that he was also appealing from the judgment in case No. MA055877, no notice of appeal was filed in that case.

3

We have examined the record and are satisfied Goyette's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

To the extend it can be understood, Goyette's request for a certificate of probable cause claimed a search and seizure were unreasonable and his plea was coerced. However, there was no oral or written motion to suppress (Pen. Code, § 1538.5), and there is no support in the record that Goyette's plea was involuntary.

The judgment is affirmed.


                                                    PERLUSS, P. J.
We concur:


        WOODS, J.


        ZELON, J.


4